**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED FOR DOCKETING

ED-7

04 JUN 24 PM 1:43

CLERK
U.S. DISTRICT COURT

JUN 2 4 2004

ORCHARD PARK PLAZA, L.L.C., an Illinois
limited liability company,

      Plaintiff,

      v.

DOLGENCORP., INC., a Kentucky Corp.,

      Defendant.

No. 04C 4233

NOTICE OF REMOVAL

JUDGE RONALD GUZMAN

MAGISTRATE JUDGE LEVIN

## NOTICE OF REMOVAL

TO:      Clerk of the United States District Court for the Northern District of Illinois

      Lee D. Sarkin
      Matanky and Matanky, Ltd.
      1332 N. Halsted St., Ste 300
      Chicago, IL 60622

      Clerk of the Court
      Circuit Court of Cook County, Illinois
      Richard J. Daley Center
      50 West Washington
      Chicago, IL 60602

Defendant, DOLGENCORP., INC. ("Dolgencorp"), pursuant to 28 U.S.C. §§1332, 1441,

and 1446, hereby provides notice of removal of this action from the Circuit Court of Cook

County, Illinois to this Court. The grounds for removal are as follows:

1.      On May 25, 2004, Dolgencorp's registered agent was served with a Summons and

Complaint filed in the Circuit Court of Cook County, Illinois in an action entitled *Orchard Park*

*Plaza, L.L.C., an Illinois limited liability company vs. Dolgencorp., Inc.,* Case Number 04 CH 08268. A copy of Plaintiff's Summons and Complaint is attached hereto as Exhibit A.

2.      Dolgencorp files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has jurisdiction pursuant to 28 U.S.C. §1332 for the reasons that there is complete diversity of citizenship between the parties and the amount in controversy is alleged to be in excess of $75,000, exclusive of interests and costs.

3.      The Plaintiff, Orchard Park Plaza, L.L.C., is incorporated in Illinois, according to the Complaint.

4.      The Defendant is incorporated in Kentucky.  It has its principal place of business in Goodlettsville, Tennessee.

5.      Because Plaintiff is an Illinois resident and the Defendant is a Kentucky or Tennessee resident, there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. §1332(a)(1).  Attached as Exhibit B is an affidavit attesting to Defendant's diversity of citizenship.

6.      Plaintiff's Complaint seeks damages of over $150,000 plus injunctive relief. Accordingly, the amount in controversy exceeds the $75,000 (exclusive of interest and costs) jurisdictional requirement of 28 U.S.C. §1332(a).

7.      This Notice of Removal is timely because it was filed within thirty days of service of Plaintiff's Summons and Complaint upon Defendant.

8.      Dolgencorp has provided written notice of the filing of this Notice of Removal to all attorneys of record and to the Clerk of the Circuit Court of Cook County, Illinois.

Dated:  June 24, 2004.                          Respectfully submitted,


                                               _Hillary P. Krantz_
                                               Attorney for Defendant Dolgencorp, Inc.


#28
J. Patrick Herald
Ethan A. Berghoff
Hillary P. Krantz
One Prudential Plaza
130 East Randolph Drive
Chicago, IL  60601
Tel. (312) 861-8000
Fax. (312) 861-2899

CHIDMS1/414685.1

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(Rev.12/3/01) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, ___CHANCERY___ DIVISION

(Name all parties)

ORCHARD PARK PLAZA, L.L.C., an Illinois limited
liability company,

v.

DOLGENCORP., INC., a Kentucky corp.

No. 04CH08268

PLEASE SERVE DEFENDANT BY SERVING:

CT CORPORATION SYSTEM
208 S. LaSalle St., 8th Floor
Chicago, IL 60604

RECEIVED MAY 2 5 2004

SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is
hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at
the following location:

☑  Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐  **District 2 - Skokie**           ☐  **District 3 - Rolling Meadows**   ☐  **District 4 - Maywood**
     5600 Old Orchard Rd.                2121 Euclid                            1500 Maybrook Ave.
     Skokie, IL 60077                    Rolling Meadows, IL 60008              Maywood, IL 60153

☐  **District 5 - Bridgeview**        ☐  **District 6 - Markham**
     10220 S. 76th Ave.                  16501 S. Kedzie Pkwy.
     Bridgeview, IL 60455                Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
REQUESTED IN THE COMPLAINT.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with
endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall
be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: 40247

Name: Lee D. Sarkin/Matanky and Matanky, Ltd.

Atty. for: Plaintiff

Address: 1332 N. Halsted St., Ste. 300

City/State/Zip: Chicago, IL 60622

Telephone: (312) 337-6100

WITNESS, _____ MAY 2 1 2004

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court

SEAL

Date of service: _____
(To be inserted by officer on copy left with defendant
or other person)

Service by Facsimile Transmission will be accepted at: _____
                                                          (Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ORCHARD PARK PLAZA, L.L.C., an<br>Illinois limited liability company,<br><br>           Plaintiff,<br><br>      vs.<br><br>DOLGENCORP, INC., a Kentucky corp.,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No.

## 04CH08268

### VERIFIED COMPLAINT

NOW COMES, Orchard Park Plaza, L.L.C., an Illinois limited liability company,

("Plaintiff"), by and through its attorneys, Matanky and Matanky, Ltd., and for its Verified

Complaint against Dolgencorp, Inc. ("Defendant"), states as follows:

1.    Plaintiff is an Illinois limited liability company.

2.    Defendant is a Kentucky corporation with its principal place of business in

Scottsville, Kentucky.

3.    Plaintiff owns commercial real estate commonly referred to as Orchard Park Plaza

Shopping Center, 80-138 S. Orchard Drive, Park Forest, Illinois (the "Premises").

4.    The parties entered into a lease dated January 14, 1999 (the "Dollar General Lease"),

whereby Plaintiff leased 9,800 square feet of the Premises to Defendant.  A true and correct copy

of the Dollar General Lease is attached hereto as Exhibit "A".

5.    Defendant operates a retail store doing business as Dollar General at the Premises.

### The Grocery Anchor

6.    The anchor tenant of the Premises is Sterk's Super Foods ("Sterks") grocery store.

7.   There has been a Grocery Anchor at the Premises since September 15, 1964, when Jewel Tea Company, Inc. ("Jewel") executed a lease for the Premises (the "Jewel Lease"). A true and correct copy of the Jewel Lease, as amended, is attached hereto as Exhibit "B".

8.   A memorandum of the Jewel Lease was recorded with the Recorder of Deeds of Cook County, Illinois on October 14, 1964 as Document No. 19273619.

9.   The Jewel Lease preceded the Dollar General Lease by over 34 years.

10.   The Jewel Lease was in full force and effect on January 14, 1999 when the parties entered into the Dollar General Lease.

11.   Article 43 of the Jewel Lease granted Jewel the exclusive right to operate a food supermarket and drugstore on the Premises.

12.   The Jewel Lease expired on May 21, 2000 and Jewel vacated the Premises and ceased being the Grocery Anchor at the shopping center.

13.   On January 25, 2000, Plaintiff signed a lease with Sterk's operating company (the "Sterk's Lease"), to re-tenant the space that Jewel was going to vacate upon expiration of the Jewel Lease. A true and correct copy of the Sterk's Lease is attached hereto as Exhibit "C".

14.   Sterk's acquired possession of and presently occupies approximately 56,000 square feet at the Premises pursuant to the Sterk's Lease and is the Grocery Anchor for the shopping center.

15.   Article 7.6 of the Sterk's Lease, like the Jewel lease, granted Sterk's the exclusive right to operate a supermarket on the Premises.

16.   Pursuant to Article 7.6 of the Sterk's Lease, Plaintiff, as landlord, agreed that no other tenant at the Premises would "operate a supermarket, grocery store or convenience food store, or any other store which sells food for consumption off of the Premises (except for a fast

2

food or drive thru operation)."

The Dollar General Lease

17.     On or about January 19, 1999, the Plaintiff and the Defendant entered into the Dollar General Lease.

18.     On or about May 19, 2003, before Defendant installed refrigerators or freezers and began marketing refrigerated and/or frozen foods, it extended the term of the Dollar General Lease through January 31, 2007.  A copy of the letter confirming the Defendant's request to extend the term of the Dollar General Lease is attached hereto as Exhibit "D".

19.     No other provisions of the Dollar General Lease were altered.

20.     Article II of the Dollar General Lease permits Dollar General to "use the demised premises for the retail sale of general merchandise of the type sold in other Dollar General® Stores".

21.     Upon information and belief, the general merchandise of the type sold in other Dollar General Stores at the time the parties entered into the Dollar General Lease (January, 1999) did not include food items such as produce and other frozen and/or refrigerated items.

22.     Pursuant to Article XXVIII of the Dollar General Lease, the parties acknowledged and agreed that: (a) a "Grocery Anchor" was the anchor tenant at the Premises; (b) the Grocery Anchor occupied at least 35,000 square feet at the Premises; (c) the Grocery Anchor's lease was non-cancelable during the term thereof; (d) Plaintiff would not consent to cancellation of the Grocery Lease during the term of the Dollar General Lease; and, (e) if the Grocery Anchor closed its business operation to the public during the term or any renewal of the Dollar General Lease, Defendant could, at its option, cancel the Dollar General Lease within 365 days thereafter,

3

without further liability to Plaintiff.

23.    Pursuant to Article XXIX, Paragraph q, the defendant covenanted and agreed to abide by the rules and regulations of the Shopping Center.

24.    Attached to the Dollar General Lease as Exhibit "E" is a list of Rules and Regulations for the Shopping Center.

25.    Pursuant to Rule and Regulation E contained within Exhibit "E" to the Lease, the defendant agreed to refrain from doing or permitting to be done, anything in or about the Premises which will in any way obstruct or interfere with the rights of other tenants or occupants of the building of which the Premises may be a part or any other building in the Shopping Center, or injure or annoy them, or use or allow the Premises to be used for any unlawful or objectionable purpose.

26.    When the parties entered into the Dollar General Lease, the Defendant did not market refrigerated and frozen groceries from the Premises, nor did it install refrigerator or freezer cases on the Premises.

27.    Before the parties entered into the Dollar General Lease, Defendant did not disclose to Plaintiff any intention to market refrigerated or frozen food and groceries from the Premises, or to install refrigerator or freezer cases on the Premises.

28.    On or about June, 2003, Defendant installed freezers and refrigerators on the Premises and began marketing refrigerated and frozen food and groceries.

29.    On or about June, 2003, when the Defendant installed freezers and refrigerators on the Premises and began marketing refrigerated and frozen food and groceries, it interfered with and/or annoyed and/or obstructed the rights of another tenant; namely, Sterk's Super Foods.

30.     Since on or about June, 2003 when the Defendant installed freezers and refrigerators on the Premises and began marketing refrigerated and frozen food and groceries, it allowed the Premises to be used for an unlawful and/or objectionable purpose.

31.     On July 2, 2003, Plaintiff reminded Defendant that the Grocery Anchor, (i.e., Sterk's) had the exclusive right to operate a food supermarket; that the Dollar General Lease was conditioned on the existence of a grocery anchor on the Premises; that Defendant was now attempting to market refrigerated and frozen food and groceries in competition with Sterk's; that such activity violated the use provision of the Dollar General Lease; and that it should stop.

32.     The Defendant agreed and emptied the freezers and refrigerators of the refrigerated and frozen foods for more than thirty days until it changed its position and deliberately resumed its actions.

33.     On December 10, 2003, Defendant notified Plaintiff that it would not stop marketing refrigerated and frozen food and groceries from the Premises; that such items are "general merchandise" of the type sold at Dollar General® Stores today; that the use provision of the Dollar General Lease "does not restrict its application exclusively to the time of entering the lease"; and that "re-merchandising methods of doing business must be allowed to evolve over time in response to an ever-changing retail environment".

34.     By letter dated March 8, 2004, Plaintiff notified Defendant that its continuing sale of refrigerated and frozen food and groceries from the Premises constituted a default of the Dollar General Lease and that under Article XVI thereof, Defendant was required to stop selling such items and remove coolers from the Premises within 30 days. A copy of the March 8, 2003 notice of default is attached as Exhibit "E".

35.     Defendant continues to sell refrigerated and frozen food and groceries from the

5

Premises and thereby competes with Sterk's, the Grocery Anchor.

36.     Plaintiff has performed its obligations under the Dollar General Lease.

37.     Article XXIX(n) of the Dollar General Lease grants Plaintiff "a reasonable sum for attorneys' fees and other costs of suit" for "any action for any relief against Lessee, arising out of this Lease," including any suit arising out of "this Lease or Lessee's use or occupancy of the Premises."

## COUNT I
### (Breach of Contract)

38.     Plaintiff realleges and incorporates paragraphs 1-37 of this Complaint as if fully set forth herein.

39.     The Dollar General Lease is a valid and enforceable contract between Plaintiff and Defendant.

40.     Plaintiff has fully performed its obligations under the Dollar General Lease.

41.     Defendant has breached the Dollar General Lease by selling refrigerated and frozen food and groceries from the Premises.

42.     Pursuant to Article XVI of the Lease, the Defendant is in default and has breached the lease by failing to stop selling refrigerated and frozen food and groceries from the Premises despite being instructed to do so.

43.     The breach by the Defendant has damaged the Plaintiff.

WHEREFORE, Plaintiff requests that this Honorable Court enter Judgment in its favor and against Defendant as follows:

1.     Termination of the Lease and the Defendant's right of possession to the Premises;

2.     Awarding it losses and damages in excess of One Hundred Fifty Thousand Dollars ($150,000) which includes rent for the balance of the term and all

6

of the plaintiff's expenses of reletting including repairs, alterations, improvements, additions, decorations, legal fees and brokerage commissions pursuant to Article XVI, paragraph D;

3.   Award it prejudgment interest and attorney's fees and costs pursuant to Article XXIX(n) of the Lease.

4.   And for such other relief as this Court deems proper and appropriate.

## COUNT II
### (Tortious Interference With Prospective Economic Advantage)

44.   Plaintiff repeats and incorporates paragraphs 1-37 of this Complaint as if fully set forth herein.

45.   The Defendant has been aware since at least July, 2003 that the landlord and Sterk's had a business relationship governed by a lease which entitled the Grocery Anchor to the exclusive right to operate a food supermarket on the Premises.

46.   Despite knowing that the lease agreement between the landlord and the Grocery Anchor entitled the Grocery Anchor to the exclusive right to operate a food supermarket, the Defendant ignored the landlord's request to stop and continues to this day the marketing of refrigerated and frozen food and groceries from the Premises.

47.   As a result of the Defendant's actions, the business relationship between the Plaintiff and Sterk's has been disrupted.

48.   As a result of the Defendant's actions, the Plaintiff has suffered damages.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment in its favor and against Defendant as follows:

1.   Termination of the Lease and the Defendant's right of possession to the Premises;

2.   Awarding it losses and damages in excess of One Hundred Fifty Thousand Dollars ($150,000) which includes rent for the balance of the term and all

7

of the plaintiff's expenses of reletting including repairs, alterations, improvements, additions, decorations, legal fees and brokerage commissions pursuant to Article XVI, paragraph D;

3.    Award it prejudgment interest and attorney's fees and costs pursuant to Article XXIX(n) of the Lease.

4.    And for such other relief as this Court deems proper and appropriate.

## COUNT III
### (Injunction)

49.    Plaintiff realleges and incorporates paragraphs 1-37 of this Complaint as if fully set forth herein.

50.    Defendant's use of the Premises to sell refrigerated and frozen food and groceries is a continuing and material breach of the Dollar General Lease and Defendant is in default thereof.

51.    Article XVI(1)(D) of the Dollar General Lease provides that any default by Dollar General of "any term or condition thereof" may be "restrained or enforced by injunction" without limiting or waiving other legal and equitable remedies.

52.    Plaintiff has a clear and identifiable right under the Dollar General Lease to ensure that Defendant does not sell refrigerated and frozen food and groceries from the Premises.

53.    Plaintiff has been and will be irreparably harmed by Defendant's continuing use of the Premises to sell refrigerated and frozen food and groceries which interferes with the Grocery Anchor's exclusive use of the Premises for that purpose and thereby deprives Plaintiff of the benefits of the Grocery Lease.

54.    Plaintiff has no adequate remedy at law to compensate it for Defendant's continuing sale of refrigerated and frozen food and groceries from the Premises.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order preliminarily and permanently enjoining the Defendant from selling refrigerated and frozen foods and

groceries at the Premises and requiring the Defendant to remove the refrigerators and freezers

from the Premises and awarding it attorney's fees and costs pursuant to Article XXIV, paragraph

n and for such other relief as this Court deems proper and appropriate.

Respectfully submitted,

ORCHARD PARK PLAZA, LLC.

By: _____

One Of Its Attorneys

## VERIFICATION

I, James E. Matanky, do hereby state that I have read the aforegoing Verified Complaint, by me subscribed; that the contents thereof are true and correct in substance and in fact, to the best of my knowledge and belief.

_____

James E. Matanky

Lee D. Sarkin, Esq.
Matanky and Matanky, Ltd.
Attorneys for Plaintiff
1332 N. Halsted St., Ste. 300
Chicago, IL 60622
(312) 337-6100
Attorney Code No.: 40247

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ORCHARD PARK PLAZA, L.L.C., an Illinois
limited liability company,

      Plaintiff,

      v.

DOLGENCORP., INC., a Kentucky Corp.,

      Defendant.

No.

### AFFIDAVIT OF MILTON SMITH

    I, Milton Smith, being first duly sworn upon oath, deposes and states as follows:

    1.    I, Milton Smith, am a Senior Real Estate Attorney with Dollar General Corporation, the parent company of Dolgencorp., Inc., a corporation that is incorporated under the laws of Kentucky and has its principal place of business in Tennessee. I was employed in this capacity with Dollar General Corporation at the time that the Summons and Complaint for the action entitled *Orchard Park Plaza, L.L.C., an Illinois limited liability company vs. Dolgencorp., Inc.*, Case Number 04 CH 08268 was filed, on May 24, 2004.

    2.    Dolgencorp., Inc. agrees to remove the above-referenced action from the Circuit Court of Cook County to the United States District Court of the Northern District of Illinois, Eastern Division.

    3.    To the best of my personal knowledge of all of the foregoing facts are true, and I can competently testify thereto.

    FURTHER, Affiant sayeth not.

_Milton Smith_

Milton Smith, Senior Real Estate Attorney,
Dolgencorp., Inc.

Subscribed and sworn to before me
this 22nd day of June, 2004.

_V. Ann Baird_
Notary Public

CHIDMS1/415159.1

My Commission Expires
12 - 02 - 2007

V. ANN BAIRD
NOTARY
PUBLIC
AT
LARGE
SUMNER COUNTY, TENN.

JS 44 (Rev. 3/99)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the [...] and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

ORCHARD PARK PLAZA, L.L.C., an Illinois limited liability company

**DEFENDANTS**

DOLGENCORP., INC., A Kentucky Corp.

**(b)** County of Residence of First Listed Plaintiff ___Cook County, IL___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

# 04C 4233

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lee D. Sarkin, Matanky and Matanky, Ltd.
1332 N. Halsted St., Suite 300
Chicago, IL 60622  (312) 337-6100

Attorneys (If Known)
Baker & McKenzie
130 E. Randolph St., Suite 3500
Chicago, IL 60601  (312) 861-2830

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) |
|---|---|

(For Diversity Cases Only)

|  |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | |
|  |  | Citizen or Subject of a ☐ 3 Foreign Country | ☐ 3 | Foreign Nation | ☐ 6 | |

JUDGE RONALD GUZMAN
MAGISTRATE JUDGE BROWN

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Inj. | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Removal pursuant to 28 U.S.C. secs. 1332, - complete diversity of jurisdiction

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $150,000 | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No |
|---|---|---|---|

**VIII. This case**  ☒ is not a refiling of a previously dismissed action.

☐ is a refiling of case _____, previously dismissed by Judge _____

DATE  6/24/04

SIGNATURE OF ATTORNEY OF RECORD
*Hilary P. Krane*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

ORCHARD PARK PLAZA, L.L.C., an Illinois
limited liability company,     Plaintiff,
                v.
DOLGENCORP., INC., a Kentucky Corp.,
                            Defendant.

Case Number **04C 4233**

### APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Defendant, DOLGENCORP., INC., a Kentucky Corp.

*JUDGE RONALD GUZMAN*

*MAGISTRATE JUDGE LEVIN*

JUN 2 4 2004

| (A) | | | | (B) | | | | |
|---|---|---|---|---|---|---|---|---|
| SIGNATURE *Hillary P. Krantz* | | | | SIGNATURE | | | | |
| NAME Hillary P. Krantz | | | | NAME | | | | |
| FIRM BAKER & McKENZIE | | | | FIRM | | | | |
| STREET ADDRESS 130 E. Randolph St., Suite 3500 | | | | STREET ADDRESS | | | | |
| CITY/STATE/ZIP Chicago, Illinois 60601 | | | | CITY/STATE/ZIP | | | | |
| TELEPHONE NUMBER 312/861-2952 | | FAX NUMBER 312/861-2899 | | TELEPHONE NUMBER | | | FAX NUMBER | |
| E-MAIL ADDRESS Hillary.P.Krantz@Bakernet.com | | | | E-MAIL ADDRESS | | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6275302 | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | |
| MEMBER OF TRIAL BAR? | | YES ☐ | NO ☒ | MEMBER OF TRIAL BAR? | | YES ☐ | NO ☐ | |
| TRIAL ATTORNEY? | | YES ☒ | NO ☐ | TRIAL ATTORNEY? | | YES ☐ | NO ☐ | |
| | | | | DESIGNATED AS LOCAL COUNSEL? | | YES ☐ | NO ☐ | |
| (C) | | | | (D) | | | | |
| SIGNATURE | | | | SIGNATURE | | | | |
| NAME | | | | NAME | | | | |
| FIRM | | | | FIRM | | | | |
| STREET ADDRESS | | | | STREET ADDRESS | | | | |
| CITY/STATE/ZIP | | | | CITY/STATE/ZIP | | | | |
| TELEPHONE NUMBER | | FAX NUMBER | | TELEPHONE NUMBER | | | FAX NUMBER | |
| E-MAIL ADDRESS | | | | E-MAIL ADDRESS | | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | |
| MEMBER OF TRIAL BAR? | | YES ☐ | NO ☐ | MEMBER OF TRIAL BAR? | | YES ☐ | NO ☐ | |
| TRIAL ATTORNEY? | | YES ☐ | NO ☐ | TRIAL ATTORNEY? | | YES ☐ | NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? | | YES ☐ | NO ☐ | DESIGNATED AS LOCAL COUNSEL? | | YES ☐ | NO ☐ | |